UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| CRAIG CUNNINGHAM,<br>Plaintiff,<br><br>v.<br><br>Foster and Monroe, LLC and Frederick Daniel, Mark Roberts and John/Jane Does 1-5<br>Defendants | §<br>§<br>§<br>§<br>§ 4:19cv351<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ~~Amended~~ Complaint

1. The Plaintiff hereby files this lawsuit against Foster and Monroe, LLC and Frederick Daniel

2. The Plaintiff is Craig Cunningham, a natural person who can be served at 3000 Custer Road, ste 270-206, Plano, Tx 75075.

3. Foster and Monroe, LLC is a New York Corporation operating from 3770 Transit Road, Orchard Park, New York 14127 and can be served via corporate officer Frederick Daniel 195 Geary Street Buffalo, NY 14213 or 49 Cottage Street, Buffalo, NY 14201.

4. Frederick Daniel is a natural person and can be served at 195 Geary Street Buffalo, NY 14213 or 49 Cottage Street, Buffalo, NY 14201.

5. Mark Roberts is a natural person and can be served at 195 Geary Street Buffalo, NY 14213 or 49 Cottage Street, Buffalo, NY 14201.

### Jurisdiction and Venue

6. Jurisdiction of this court arises as the acts happened and the defendants live and work in this district

7. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here.

## FACTUAL ALLEGATIONS

8. On May 17, 2018, the Plaintiff recieved a call from a blocked caller ID to 615-212-9191 asking for Thomas Moore. The agent Melissa stated she was calling from the "offices of FM Capital" and claimed to be calling on behalf of paralegal "Mark Roberts" regarding a "pending legal complaint" regarding "Two seperate allegations for which they have been retained to file against and serve with a summons to appear". The agent claimed there were "two pending allegations" regarding "theft of services" and "Breach of contract". The agent claimed she was trying to get a statement from the Plaintiff to avoid "further proceedings" or having the Plaintiff "served with a summons to appear". The agent offered to transfer the Plaintiff to "Mark Roberts the head of legal" and a transfer was made.

9. The Plaintiff later spoke with a person who claimed to be Mark Roberts who stated that Thomas Moore used to work for Granite Enterprises and that Thomas Moore listed Granite Enterprises as a place of employment.

10. The agent Mark Roberts lied and stated he worked for FM Capital and refused to provide their address and website to the Plaintiff.

11. The calls appeared to be initiated using an automated telephone dialing system and in a call with an agent of Foster and Monroe, LLC, they admitted that they placed calls using an automated telephone dialing system to the Plaintiff and refused to provide a copy of their internal do-not-call policy on demand.

12. In reality, the calls were initiated by Foster and Monroe, LLC and not some made up entity called FM Capital. Thomas Moore never worked for Granite Enterprises, LLC, and the Plaintiff never knew anyone named Thomas Moore.

13. In reality, no debt was ever owed by Thomas Moore and the Defendants were trying to strong arm consumers into paying by making illegal threats to coerce them into paying fictitious debts.

## CAUSES OF ACTION:

### COUNT I

**Violations of the Telephone Consumer Protection Act (TCPA)**

1. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

2. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing calls with pre-recorded/automated messages to the Plaintiff's cell phone that lacked the name, address, and phone number of the entity placing the phone calls. These actions violate 47 USC 227(b) and entitle the Plaintiff to $1500 per call in damages as these were willful actions.

## CAUSES OF ACTION:

### COUNT II

**Violations of the Telephone Consumer Protection Act (TCPA)**

3. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

4. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone. These phone calls also violated the TCPA by not providing a copy of their internal do-not-call policy upon demand. These calls also violated 47 USC 227(c)(5)

## CAUSES OF ACTION:

### COUNT III

**Violations of the Fair Debt Collection Practices Act (FDCPA) 15 USC 1681 et seq**

5. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

6. The foregoing actions by the Defendants constitute multiple breaches of the FDCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone and by making false or misleading representations and threats of legal action that can't legally be taken.

### COUNT IV

**Violations of the Texas Finance Code 392**

7. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

8. The foregoing actions by the Defendants constitute multiple breaches of the FDCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone and by making false or misleading representations and threats of legal action that can't legally be taken.

9. The foregoing actions by the Defendants constitute multiple breaches of the Texas Finance Code 392 by placing unsolicited and unwelcome telephone calls to

the Plaintiff's cell phone and by making false, misleading, and threatening representations likely to deceive a consumer.

## Count V

### Violations of the Texas Business and Commerce Code 305.053

10. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

11. The foregoing actions by the Defendants constitute multiple breaches of the Texas Business and Commcerce code 305.053 by violating the TCPA 47 USC 227

## PRAYER FOR DAMAGES AND RELIEFS

14. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

15. Statutory damages of $3000 for each phone call for violations of the TCPA.

16. Statutory damages in the amount of $1500 for violations of the Texas Business and Commerce code

17. Damages of $5,000 per violation of the Texas Finance Code 392

18. Punitive Damage of $25,000 for violations of the Texas Finance Code and FDCPA

19. Actual damages as determined by a judge/jury

20. Pre-judgment interest from the date of the phone calls.

21. Attorney's fees for bringing this action; and

22. Costs of bringing this action; and

23. For such other and further relief as the Court may deem just and proper

*Craig Cunningham*
Plaintiff,
3000 Custer Road, ste 270-206 Plano Tx 75075, 615-348-1977 5/8/2019